OLEKSY v. MIDLAND LINSEED CO.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1909.)

No. 1,512.

MASTER AND SERVANT (§ 219*)—INJURIES TO SERVANT—ASSUMED RISK—OPEN ELEVATOR SHAFT.

Defendant maintained an elevator in its mill, but employed no operator, the elevator being operated by any employé who had occasion to use it. Two sides of the shaft were brick walls, the third side was protected by a wooden railing, and the remaining side had an iron rail at one end of which an opening was left to afford access to the elevator, protected only by an iron bar. Plaintiff had been employed in the mill at different times for a year and three months, during which there had been no change in the operation of the elevator. On the occasion of his injury plaintiff took the elevator to the fourth floor to change a movable spout. While doing this, another employé removed the elevator to another floor without replacing the bar, and plaintiff, without knowledge thereof, stepped through the unguarded opening and fell. *Held*, that the situation was open and obvious, and that plaintiff assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

David Belasco, for plaintiff in error.
Robert Slater, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Error is predicated of a directed verdict of not guilty in a personal injury case.

In defendant's four-story mill there was a freight elevator. No operator was employed, but every one from superintendent to roustabout ran it for himself whenever his work took him from one floor to another. On the fourth floor were bins to which a movable spout could be connected. This spout was some seven feet above the floor, and when any employé moved it from one connection to another he used a stick to lift and guide it with. As the spout in certain positions hung over or near the edge of the elevator shaft, the work was manifestly dangerous if the shaft was open and unguarded. Two sides of the shaft were brick walls, and the third side was protected by a wooden railing. On the remaining side there was an iron railing, at one end of which an opening was left to afford access to the elevator. An iron bar served as a gate in this opening.

According to the testimony most favorable to plaintiff, he was directed by his foreman while on the first floor to go to the fourth floor and change the spout connection. He took himself up in the elevator. After putting the iron bar across the opening and seeing that the elevator was in place, he began to move the spout. While walking around the elevator shaft, with his eyes directed upward, he came to the opening in the iron railing. The elevator was gone, the bar was out of place, he stepped through the unguarded opening, and fell.

When plaintiff was moving the spout, his foreman was also on the fourth floor, having come there on another matter. The foreman and plaintiff at this time said nothing to each other. As plaintiff's eyes were fixed upon the spout, he could not see what the foreman was doing. But the foreman admitted that he saw that the elevator had descended and that the bar was not in place, and refrained from telling plaintiff because he had no thought but that plaintiff was fully apprised of the situation.

Plaintiff had worked in this mill for a year, then was away for about a year, and at the time of the accident had been back at work for three months. He had run the elevator repeatedly, and had been on the fourth floor very often. But that was the first or second time he had moved the spout. Throughout his employment there had been no change in the physical relationship and the methods of operation of the elevator and of the spout. And there was no claim that any of the appliances was out of repair.

If it be conceded that on this state of facts defendant was negligent in adopting such a construction and location of spout and elevator guards, and such methods of operating them, nevertheless it is clear that the peremptory instruction was right. All the conditions were obvious, and were as well known to plaintiff as defendant. When he began his second term of employment, he knew the situation and methods under which he would have to work. And so, the risk of the

movement of the elevator by some employé, the risk of the failure of himself or another to secure properly the bar across the opening, and the risk of the failure of foreman or fellow servants to understand his peril and shield him from it, were all risks that he had assumed.

The judgment is affirmed.